# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT EUGENE FROST,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Number: |
| ) | 2:15-cv-00418-VEH-JHE |
| **WARDEN KENNETH JONES, et al.,** ) | |
| ) | |
| Respondents. ) | |

# MEMORANDUM OPINION

On January 17, 2018, the magistrate judge entered a Report and Recommendation, (doc. 11), recommending that the petition for writ of habeas corpus be dismissed with prejudice. On February 2, 2018, the court received Petitioner's objections (styled, "Answer to Magistrate Judge Report"), which were dated January 29, 2018. (Doc. 12). Petitioner does not point to errors in the magistrate judge's analysis or presentation of the facts. (*See id.*). Instead, Petitioner reargues the issues raised in his petition. (*See id.*). This lack of structure makes it somewhat difficult to parse through and address any perceived error. Therefore, the contentions in Petitioner's "Answer to the Magistrate Judge Report" (or "objections") will be addressed in the order they appear, with issues about trial fairness being addressed initially and then as they relate to the alleged ineffective assistance of trial counsel.

## I. Issues at Trial and Indictment Claims

The first section of Petitioner's objections is styled "Why the Trial Was Unfair" and goes through his grievances with his trial.[1] (*Id.* at 2-3). As an initial matter, Petitioner fails to point out how the magistrate judge erred in analyzing these contentions (other than the obvious assumption that the magistrate judge erred in not finding his trial unfair). However, construing this section as an objection to the finding that he failed to raise a constitutional issue, as the magistrate judge explains, "[w]hen examining a habeas petition filed pursuant to 28 U.S.C. § 2254, the court does not sit as a court of appeals to review any error allegedly committed by the state court. Instead, federal habeas relief is available only if the petitioner alleges and demonstrates that his conviction violates federal law, including alleged Constitutional violations. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983). Petitioner's contentions as to why his trial was unfair are alleged errors of state law, which rarely serve as a basis for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Generally, habeas relief will not be granted on a state law based claim, unless the petitioner was denied fundamental fairness in the trial process. *Id.* Plaintiff has

---

[1] Many of these issues are also the basis of his ineffective assistance of trial counsel claim and are addressed below. To the extent Petitioner claims his trial was unfair because his counsel was ineffective (in these laws), the ineffective assistance of counsel claim(s) is addressed below.

alleged no error on behalf of the magistrate judge as to these claims and has not demonstrated he was denied a fundamentally fair trial.

Specifically, as to Petitioner's claims about his indictment, the Due Process Clause of the Fourteenth Amendment does not require the States to observe the Fifth Amendment's provision for presentment or indictment by grand jury. *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972). Therefore, claims like Petitioner's defective indictment claim do not allege a violation of the Constitution; it is a state law claim. *See Conner v. Bowen*, 842 F.2d 279, 282-83 n. 9, 10 (11th Cir. 1988). Petitioner's other complaints in this section regarding witnesses are the basis of his ineffective assistance of counsel claims, which are addressed below.

## II. Excuse for Procedural Default of Ineffective Assistance of Counsel Claims

The next three sections of Petitioner's objections are styled "cause," "prejudice," and "disadvantage," presumably addressing the magistrate judge's finding that there is no excuse for Petitioner's procedural default on his ineffective assistance of counsel claims. (Doc. 12 at 4-6). Although Petitioner alleged several ineffective assistance of counsel claims in his Rule 32 petition, he did not assert them on his appeal in the Alabama Court of Criminal Appeals, and the appellate court expressly found those claims to have been abandoned. (Docs. 11 at 8, 5-20, 5-22).

Because the "cause and prejudice" exception is in the conjunctive, a petitioner must prove both cause and prejudice to excuse his procedural default. Cause requires a showing of some objective factor external to the petitioner, which prevented the petitioner from constructing or raising the claim. *Id*. at 488; *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). "[A] showing that the factual or legal basis for a claim was not reasonably available to counsel or that there was 'some interference by officials' would constitute cause under this standard." *Amadeo v. Zant*, 486 U.S. 214, 222 (1988) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To demonstrate prejudice, it is not enough for a habeas petitioner to show only the possibility of prejudice. *See United States v. Frady*, 456 U.S. 152, 170 (1982). Instead, he must show the error(s) worked to his "actual and substantial disadvantage." *Id.*

In the "cause" section, Petitioner explains that another inmate who worked in the law library was completing his Rule 32 brief. (Doc. 12 at 4). Petitioner claims that, when the other inmate was transferred, Petitioner asked the court to take "judicial notice" of its own record of his Rule 32 argument on "this claim." (*Id.*). Petitioner also states he got his case papers three days later and mailed the Rule 32 brief to the court because his time was almost over. (*Id.*).

Alabama Rules of Evidence includes Article II "Judicial notice" and Rule 201 "Judicial notice of adjudicative facts." Nothing in this rule relieves a petitioner from

his duty to outline his issues for appeal in his brief. Furthermore, Petitioner submitted a fifteen-page appellate brief., raising the following issues: (1) The trial court erred when it summarily disposed of Petitioner's Rule 32 petition which presented claims of Defective Indictment, Illegal Sentence, and Ineffective Assistance of Appellate Counsel . . . . (2) The trial court also abused its discretion when it granted the State's Motion to Dismiss and denied Petitioner's Rule 32 petition without ordering and conducting an evidentiary hearing . . . . (Doc. 5-20 at 6).[2] Nothing about Petitioner's appellate brief gives the appearance that it is incomplete. Furthermore, if Petitioner needed more time to find someone to help him complete his appellate brief, he could have filed a motion with the Alabama Court of Criminal Appeals explaining his circumstances and asking for additional time. He did not. Petitioner has failed to show sufficient "cause" for procedurally defaulting on his ineffective assistance of (trial) counsel claims.

Petitioner has also failed to show a "fundamental miscarriage of justice," such as being actually innocent, to overcome his procedural default. *See Ray v. Mitchem*, 272 Fed. Appx. 807, 2008 WL 887379 at *3 (11th Cir. 2008) (stating "[t]o meet the 'threshold showing of innocence' in order to justify 'a review of the merits of the

---

[2] Ruling on his Rule 32 appeal, the Alabama Court of Criminal Appeals noted Petitioner did not pursue his ineffective assistance of trial counsel claims and deemed them abandoned. (Doc. 5-21 at 4).

constitutional claims,' the new evidence must raise 'sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.' "'[A]ctual innocence" means factual innocence, not mere legal insufficiency.'") (citations omitted).

Finally, even if this Court were to review the merits of Petitioner's ineffective assistance of counsel claim, he has not shown how the state court's determination is "contrary to" clearly established, controlling Supreme Court law or is an "unreasonable application" of that law. *See* 28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 404 (2000). To the contrary, the circuit court addressed five separate ineffective assistance of counsel claims and applied *Strickland v. Washington*, 466 U.S. 668 (1984). (Doc. 5-18 at 10-12). The ineffective assistance of counsel claims raised in Petitioner's Rule 32 overlap with the reasons Petitioner says his trial was "unfair" in the first section of his objections. (Doc. 5-18 at 10; *see* doc. 12). These include counsel (1) failed to timely object to the consolidation of the three cases and failed to timely move for a severance; (2) failed to object to the defect in the indictment; (3) failed to file a pretrial motion to quash the indictment; (4) failed to object to an improper jury charge; and (5) failed to secure witnesses. (Doc. 5-18 at 10; *see* doc. 12). Having reviewed the Rule 32 denial order it is apparent that, even if Petitioner had shown an excuse for his procedural default, he

6

would not succeed on the merit of his ineffective assistance of counsel claims because he had not demonstrated how the state court's determination was "contrary to" clearly established, controlling Supreme Court law or is an "unreasonable application" of that law. *See* 28 U.S.C. § 2254(d)(1), (2); *Williams*, 529 U.S. at 404. The state court applied the proper precedent, and that application does not run afoul of § 2254(d)(1), (2).

The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be **DISMISSED**. A separate Order will be entered.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).  This Court finds Petitioner's claims do not satisfy either standard.

**DONE** this 8th day of February, 2018.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge